UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICK MCCAFFREY,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>C/O MARTINEZ, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:22-cv-00110-MMD-CSD<br><br>ORDER |

On May 25, 2022, this Court issued a screening order dismissing with leave to amend Plaintiff's Eighth Amendment conditions-of-confinement claim, as well as his claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (ECF No. 3 at 11.) The Court also dismissed without prejudice but without leave to amend Plaintiff's state-law negligence claim. (*Id.*) Finally, the Court denied without prejudice Plaintiff's motion for appointment of counsel. (*Id.*) On June 8, 2022, Plaintiff moved for reconsideration of the screening order and for an extension of time to file his amended complaint. (ECF Nos. 5, 6.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court

already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. Plaintiff argues that the Court erred in dismissing his claims under the Eighth Amendment, the ADA, and the RA because it "mistakenly believed [he] was required to allege facts demonstrating Defendants had actual knowledge of his individual disability." (ECF No. 6 at 8.) In fact, the Court dismissed the Eighth Amendment claim because Plaintiff failed "to allege that any Defendant was aware of the dangerous condition at issue here—the icy, unsalted portion of the walkway" on which Plaintiff slipped and fell. (ECF No. 3 at 6.) Without such allegations, the Court could not infer that any Defendant knew of and disregarded "an excessive risk to [Plaintiff's] health or safety," as is required to state an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Court dismissed the ADA and RA claims because Plaintiff failed to allege that "he ever requested the accommodation he now proposes—the delivery of meals to physically disabled inmates such as himself." (ECF No. 3 at 8.) Plaintiff has identified no clear error in these conclusions, which did not rest on Plaintiff's failure to allege that Defendants knew he was disabled.[1]

Plaintiff also seeks reconsideration of the Court's denial without prejudice of his motion for appointment of counsel. (ECF No. 6 at 9-11.) Plaintiff has not shown that the Court committed clear error in finding that no exceptional circumstances warranted the appointment of counsel at this time. Plaintiff may renew his motion for appointment of counsel when he files his amended complaint.

Finally, Plaintiff separately moves for an extension of time to file his amended complaint. (ECF No. 5.) He seeks leave to file his amended complaint either thirty days from the date his motion for reconsideration is decided or by July 25, 2022, "whichever

---

[1]Plaintiff alternatively argues that *Farmer* should be "overturned," because the requirement of showing that a prison official was subjectively aware of a risk of harm "violates the Eighth Amendment." (ECF No. 6 at 8-9.) This argument does not warrant reconsideration because the Court is bound by Supreme Court precedent, including *Farmer*.

comes later." (*Id.*) The Court grants the motion for an extension of time. Plaintiff must file his amended complaint on or before July 25, 2022.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 6) is denied.

It is further ordered that Plaintiff's motion for an extension of time (ECF No. 5) is granted. Plaintiff must file his amended complaint on or before July 25, 2022.

DATED THIS 9th Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE