# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PATRICK MCCAFFREY,

    Plaintiff

v.

MARTINEZ, et al.,

    Defendants

Case No.: 3:22-cv-00110-MMD-CSD

**Order**

Re: ECF No. 8

    Plaintiff, who is a prisoner in custody of the Nevada Department of Corrections, has filed an application to proceed in forma pauperis (IFP) and amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1, 9.) Plaintiff also filed a motion for appointment of guardian ad litem and/or counsel. (ECF No. 8.)

    Chief District Judge Miranda Du screened Plaintiff's amended complaint and allowed him to proceed with an Eighth Amendment conditions of confinement claim against Martinez, Garrett, and John Does 1-3 (when Plaintiff discovers their identities), as well as claims under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) against Garrett. (ECF No. 10.)

    Plaintiff alleges that he became disabled after contracting encephalitis as a child which caused him to suffer from severe physical and intellectual disabilities, and it made walking difficult. He alleges that on the morning of January 26, 2021, he slipped and fell on a snow-covered portion of the walkway leading to the chow hall. He alleges Defendants knew he suffered from a disability that made walking difficult, there was snow and ice on the walkway, and he would have to take the long way to the chow hall that day because of construction.

Plaintiff had asked the culinary department deliver his meal to him in his housing unit, but John Doe 2 said, "I'm not calling culinary. No meals are being delivered. Either go to chow or don't—I don't care." When Plaintiff slipped and fell on the walkway, he did not receive breakfast or lunch that day. He avers that Defendants knew of and disregarded a risk to his safety, and they denied him an accommodation for his disability-related needs with respect to meal services.

Plaintiff has filed a motion for appointment of guardian ad litem and/or counsel through an anonymous inmate assistant. He asserts that he has an IQ of about 60 and received Social Security disability benefits prior to his arrest. He has not drafted any of the filings in this case, and has attempted to read them, but he does not understand them. (ECF No. 8.) He incorporates by reference his previously filed motion for appointment of counsel, which was denied without prejudice when his original complaint was dismissed with leave to amend. In that document, Plaintiff recounts that he is physically and intellectually disabled as a result of encephalitis, which causes swelling of the brain and brain damage. He has extreme difficulty with walking, reading, and writing, and he cannot do any of these things for an extended period of time. (ECF No. 1-2.)

Under Rule 17(c), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The preliminary step is to have a hearing and determine whether there is a "substantial question" regarding the movant's mental competence. *See Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (citation omitted). If there is a substantial question, then the court must proceed with a competency hearing. *Id*. If the person is deemed incompetent, then a guardian ad litem is required, or the court can fashion some other order to protect the litigant's interests (*i.e.*, appointing counsel). *See Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

Within **14 days** of the date of this Order, the Attorney General's Office shall advise the court whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of responding to Plaintiff's motion for appointment of guardian ad litem and/or counsel. If the Attorney General's Office is willing to enter a limited notice of appearance, then also within **14 days** of the date of this Order, the Attorney General's Office shall file a response to Plaintiff's motion. The Attorney General's Office shall file under seal any **relevant** medical/mental health or other records. Plaintiff may kite the warden's office to review any records filed under seal, and the Attorney General's Office shall ensure that Plaintiff is given a reasonable amount of time to review these records. Plaintiff will have **seven days** from the date he receives the response to file a reply brief. The court will then set a hearing to determine whether there is a substantial question as to Plaintiff's competency.

The Clerk of Court shall electronically serve a copy of this Order, a copy of Plaintiff's amended complaint (ECF No. 9), a copy of the order screening the amended complaint (ECF No. 10), as well as a copy of Plaintiff's motion for appointment of guardian ad litem and/or counsel (ECF No. 8) on the Nevada Attorney General's Office by adding the Nevada Attorney General's Office to the docket sheet. This will not constitute a general appearance.

///

///

///

///

1 | Plaintiff is advised there is still a stay entered in this case while the court resolves
2 | Plaintiff's motion for appointment of guardian ad litem and/or counsel. As such, Plaintiff shall
3 | not file any other documents with the court while the stay is in place except for his reply brief as
4 | directed in this Order. Following resolution of the motion for appointment of guardian ad litem
5 | and/or counsel, the court will enter an order regarding the referral of this matter to the Inmate
6 | Early Mediation Program.

**IT IS SO ORDERED**.

Dated: September 14, 2022

_____
Craig S. Denney
United States Magistrate Judge